**GUST ROSENFELD P.L.C.**
One S. Church Ave., Suite 1900
Tucson, Arizona  85701-1627
Tel.: (520) 628-7070
Fax: (520) 624-3849
Mark L. Collins, SB #003929 (mcollins@gustlaw.com)
Michael S. Woodlock, SB #019373 (woodlock@gustlaw.com)

*Attorneys for Defendants Jovan Will, Tree Fine,
Fernando & Geovanna Godinez and Carly Uretz*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOSHUA DAVID MELLBERG, LLC, d/b/a J.D. JDM, an Arizona limited liability company; and JOSHUA DAVID MELLBERG, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>JOVAN WILL, an individual; TREE FINE, an individual; and THE IMPACT PARTNERSHIP, LLC, a Georgia Limited liability company; JOHN STEVE ARCEO and Jane Doe Arceo, husband and wife; FERNANDO GODINEZ and Jane Doe Godinez, husband and wife; PATRICIA LATHAM and John Doe Latham, husband and wife; CARLY URETZ and John Doe Uretz, husband and wife,<br><br>Defendants. | Civil Action No.:<br><br>4:14-CV-02025-CKJ (CRP)<br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT CARLY URETZ**<br><br>**(Oral Argument Requested)** |

In an effort to prevent Defendant Carly Uretz from working in her previously chosen field of endeavor as a copywriter, the Plaintiffs Joshua David Mellberg, LLC ("JDM") and its principal, Joshua David Mellberg, have filed a First Amended Complaint that includes eleven claims for relief based almost exclusively upon general conclusory allegations and precious few factual assertions. (Dkt. #9) As explained

637127v2

below, Defendant Uretz requests the Court to dismiss the Second (Misappropriation), the Third (Unfair Competition), the Fifth (Unjust Enrichment), the Tenth (Civil Conspiracy) and the Eleventh (Aiding & Abetting) counts, as each fails to state a claim upon which relief may be granted.

# I

## PLAINTIFFS' MISAPPROPRIATION OF TRADE SECRETS CLAIM MUST BE DISMISSED

As it did with respect to Defendant Fernando Godinez, the Plaintiffs' Second Count attempts to assert a claim for misappropriation of trade secrets under the Arizona Uniform Trade Secret Act ("AUTSA") against Ms. Uretz based entirely upon conclusory statements and a boilerplate recitation of the elements of the cause of action. (*See* Dkt. 9, ¶¶ 113-118) At most, Plaintiffs allege that Ms. Uretz had access to "confidential and proprietary information", some of which she shared with herself (*Id.* ¶ 114), that after leaving JDM she collaborated with other defendants to ape JDM's "sales and marketing programs" (*Id.* ¶ 117), and contacted JDM clients (*Id.* ¶118). Because such vacuous allegations fail to satisfy either the requirements of Federal Rule of Civil Procedure 8(a) ("Rule 8(a)") or AUTSA, the Plaintiffs' Second Count must be dismissed as to Ms. Uretz. This is especially true because at no point do the Plaintiffs even allege that Ms. Uretz executed a confidentiality agreement or an agreement not to compete with JDM.

The arguments and authorities set forth in the Partial Motion to Dismiss filed by Defendant Godinez ("Godinez Motion") are equally applicable to Ms. Uretz. (Dkt. #32) For that reason, rather than reiterate them here, Ms. Urtz hereby incorporates herein by this reference each and every Second Count argument and authority set forth in the Godinez Motion. (Dkt. # 32 at pages 3 - 9) In summary, the Amended Complaint is devoid of any plausible allegation that Ms. Uretz, a copywriter, took something from

637127v2

JDM that (a) derived economic benefit from not being generally known and (b) that JDM had made reasonable efforts to keep "secret." As a result, the Second Count must be dismissed against Ms. Uretz.

## II

### THE COURT SHOULD DISMISS PLAINTIFFS' CLAIM FOR UNFAIR COMPETITION BECAUSE PLAINTIFFS HAVE FAILED TO ALLEGE FACTS SHOWING THAT MS. URETZ CREATED CONFUSION OR COMMITTED AN APPLICABLE TORTIOUS ACT.

The Plaintiffs' Third Count also fails to state a claim against Ms. Uretz because the Amended Complaint contains no facts that could plausibly establish that she committed any of the torts that fall within the unfair competition umbrella. Once again, the arguments and authorities set forth in the Godinez Motion are equally applicable to Ms. Uretz. For that reason, by this reference Ms. Uretz incorporates herein each of the arguments and authorizes set forth in the Godinez Motion with respect to Plaintiffs' Third Count. (Dkt. #32 at pages 9 – 11.) In summary, Plaintiffs' Amended Complaint is devoid of any allegations showing that Ms. Uretz, either individually or in conjunction with others, created confusion in the marketplace. Although Plaintiffs contend that she "collaborated with Defendants Will, Fine, Arceo and Godinez to copy JDM's sales and marketing materials" (Dkt. 9, ¶ 117), they fail to allege facts showing what, if anything, resulted from this purported collaboration and whether these efforts ever actually resulted in any confusion. Similarly, the Amended Complaint contains no facts showing that Ms. Uretz committed any tortious act that would support a claim for unfair competition. As a result, Third Count unfair competition claim should be dismissed as to Ms. Uretz.

…

…

…

637127v2

3

### III

**PLAINTIFFS' UNJUST ENRICHMENT CLAIM MUST BE DISMISSED**

The Fifth Count of the First Amended Complaint must be dismissed as to Defendant Uretz because it fails to state any facts that could plausibly give rise to a successful unjust enrichment claim against her. Because the arguments and authorities set forth in the Godinez Motion with respect to the Plaintiffs' unjust enrichment claim are equally applicable to Ms. Uretz, by this reference she incorporates herein each and every such argument and authority. (Dkt. #32 at pages 13 -14.)

### IV

**PLAINTIFFS' CIVIL CONSPIRACY CLAIM MUST BE DISMISSED**

The Plaintiffs' Tenth Count civil conspiracy claim must be dismissed as to Ms. Uretz for all of the reasons set forth in the Godinez Motion. For this reason, by this reference Ms. Uretz hereby incorporates herein each and every argument and authority advanced in the Godinez Motion with respect to Plaintiffs' civil conspiracy claim. (Dkt. #32 at pages 14-15.)

### V

**PLAINTIFFS' AIDING AND ABETTING CLAIM MUST BE DISMISSED**

The Plaintiffs' Eleventh Count aiding and abetting claim must be dismissed as to Ms. Uretz for all of the reasons set forth in the Godinez Motion. For this reason, by this reference Ms. Uretz hereby incorporates herein each and every argument and authority advanced in the Godinez Motion with respect to Plaintiffs' Count Eleven aiding and abetting claim. (Dkt #32 at pages 15-16)

### CONCLUSION

For the foregoing reasons as well as those set forth in the memorandums filed in support of Defendants Will, Fine, and Impact's motions to dismiss, Defendant Carly

637127v2

Uretz respectfully requests that the Court dismiss all of the Plaintiffs' claims against her with prejudice, pursuant to Rule 12(b)(6).

DATED this 6th day of June, 2014.

*GUST ROSENFELD, P.L.C.*

By:  /s/ *Mark L. Collins*
  Mark L. Collins
  Michael S. Woodlock
  1 S. Church Ave., Ste. 1900
  Tucson, AZ 85701
  *Attorneys for Defendants Jovan Will, Tree Fine, and Fernando & Geovana Godinez*

Electronically filed and copy mailed June 6, 2014 to:

David G. Bray
Timothy J. Thomason
David N. Ferrucci
DICKINSON WRIGHT/MARISCAL WEEKS
2901 N. Central Ave., Ste. 200
Phoenix, AZ 85012-2705
*Attorneys for Plaintiffs*

George O. Krauja
FENNEMORE CRAIG, PC
One S. Church Ave., Ste. 1000
Tucson, AZ 85701-1627
*Attorneys for Defendant The Impact Partnership, LLC*

William P. Eiselstein *(Admitted Pro Hac Vice)*
MILLER & MARTIN, PLLC
1170 Peachtree St., NE, Suite 800
Atlanta, GA 30309-7706
*Attorneys for Defendant The Impact Partnership, LLC*

By:  /s/ *Mary Ellen Shannon*

637127v2