**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Joshua David Mellberg, LLC, et al.,       )
                                          )
          Plaintiffs,                     )
                                          )     No. CIV 14-2025-TUC-CKJ
vs.                                       )
                                          )     **ORDER**
Jovan Will, et al.,                       )
                                          )
          Defendants.                     )
_____  )

Pending before the Court are the Motion to Stay Entry of Judgment Re Attorney's Fees (Doc. 598), the Motion for Clarification and Motion for Reconsideration (Doc. 599), the Motion to File Exhibit A Under Seal (Doc. 600), and the Motion to Amend the Order on Fees Pursuant to Rule 59(e) and Motion for Relief from the Order on Fees Pursuant to Rule 60(b)(6) (Doc. 605) filed by Joshua David Mellberg, LLC ("JDM, LLC"), and Joshua David Mellberg (collectively "JDM").[1]  Defendants Jovan Will ("Will"), Tree Fine, Fernando Godinez and Carly Uretz (collectively, "Individual Defendants") and The Impact Partnership ("Impact") have filed responses; JDM has filed replies.

Oral argument has been requested.  Because the parties have thoroughly presented the facts and briefed the issues, the Court declines to set this matter for oral argument.  *See* LRCiv 7.2(f); 27A Fed.Proc., L. Ed. § 62:361 (March 2021) ("A district court generally is not required to hold a hearing or oral argument before ruling on a motion.").

---

[1] Also pending before the Court are the Motion for Appellate Attorneys' Fees (Doc. 615) filed by Impact and the Motion for Attorneys' Fees on Appeal (Doc. 617) filed by Defendants Will, Fine, Godinez, and Uretz.  These motions will be addressed in a separate order.

1   I.  *Motion to File Exhibit A Under Seal* (Doc. 600)

2       JDM seeks to have Exhibit A filed under seal in compliance with the Protective Order

3   issued in this case.  The Court will grant the request.

4

5   II.  *Motion to Stay Entry of Judgment RE Attorney's Fees* (Doc. 598)

6       JDM requests the Court stay the entry of any proposed judgment for attorney's fees

7   pending the outcome of Plaintiffs' appeal.  As the mandate of the appellate court has issued,

8   *see* Doc. 613, the Court will deny this motion as moot.

9

10  III.  *Motion for Clarification Regarding Attorneys' Fee Award Against Mellberg* (Doc. 599)

11      Mellberg argues that, to the extent the Court's March 24, 2021, Order (Doc. 597) can

12  be read to impose an attorneys' fee award against Mellberg personally, such an order is

13  manifest error and points out that the Court's Order "purports to award fees in favor of the

14  Defendants against 'JDM,' defined to include both Mr. Mellberg and Joshua David Mellberg

15  LLC."  Motion (Doc. 599, p. 4).  Because Mellberg was a party to only one claim against

16  Will, JDM argues an award of fees in favor of parties against whom Mellberg did not pursue

17  any claims and was not an unsuccessful party is not appropriate.

18      Although Defendants argue such an award may be appropriate, it was not the intention

19  of the Court to impose an attorneys' fee award against Mellberg personally in favor of any

20  Defendant except Will.  The Court will grant the Motion for Clarification as to this issue and

21  clarify its Order.

22      Defendants had sought $61,326.40 in attorneys' fees for services unique to Will.  As

23  stated in the Court's March 24, 2021, Order, a reasonable basis exists to reduce the amount

24  of the attorneys' fees award by 30%.  *See generally Associated Indem. Corp. v. Warner*, 143

25  Ariz. 567, 571 (1985); *see also Worden v. Klee Bethel, M.D., P.C.*, No. 1 CA-CV 08-0490,

26  2009 WL 2003321, at *5 (Ariz. App. July 9, 2009) (reduced fee award affirmed).  In light

27  of this, the Court finds an award of attorneys' fees against Mellberg and in favor of Will in

28

the amount of $42,928.48 is appropriate.  Additionally, the Court will reduce the award of attorneys' fees against JDM/JDM, LLC, by this amount.

**IV.  *Motion for Reconsideration* (Doc. 599) *and Motion to Amend the Order of Fees Pursuant to Rule 59(e) and Motion for Relief from the Order on Fees Pursuant to Rule 60(b)(6)***

A motion for reconsideration may be filed under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  "Rule 60(b) 'provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances' which would justify relief.'"  *Id*., *quoting Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).  Whether it's entitled a motion under Fed.R.Civ.P. 59(e), Fed.R.Civ.P. 60(b) or a motion for reconsideration, JDM is seeking reconsideration by this Court.

The Court has discretion to reconsider and vacate an order.  *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992).  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), *cert. denied,* 476 U.S. 1171 (1986).  However, motions for reconsideration are disfavored.  *See generally Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).  Indeed, a motion for reconsideration is not to "be used to ask a court to rethink what the court had already thought through – rightly or wrongly."  *Wilcox v. Hamilton Constr.*, LLC, 426 F. Supp. 3d 788, 792 (W.D. Wash. 2019), *citation omitted*; *see also Above the Belt, Inc. v. Mel Bohanan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983) (limiting motions for reconsideration to cases where the court has patently misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court, where the court has made an error not of reasoning but of

apprehension, or where there has been a controlling or significant change in the law or facts since the submission of the issue to the court); *see also United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz. 1998).

A.  *Manifest Error as to "Arising out of Contract"*

JDM asserts it was manifest error for the Court to conclude that the statutory and tortious claims "arose out of contract" because the duty breached in this case was imposed by law and did not depend on the existence of a contract.  JDM further argues these claims were not claim inextricably "interwoven" with the contract claim.  JDM also asserts the Court did not take into account Impact's unclean hands.

JDM asserts Impact had a legal duty not to misappropriate trade secrets without regard to whether a contract existed with Impact.  JDM further argues the tort claims involving Individual Defendants do not arise out of contract.  While the Court does not disagree with these assertions, the Court recognizes that considerations discussed by the Supreme Court of Arizona lead to a conclusion the "essence" of the action arises out of contract.  *Barmat v. John & Jane Doe Partners A-D*, 747 P.2d 1218, 1222 (1987) (whether an action involves duties imposed by torts requires consideration of "(1) the nature of the defendant's activity such as a builder or a manufacturer-seller of a product; (2) the relationship between the parties, such as occupier of land and business guest; and (3) the type of injury or harm threatened").  Here, Impact was alleged to have launched an internet marketing portal for insurance and annuity agents that competed with JDM, LLC, the former employer of Individual Defendants; i.e., Impact "sold" this product.  The relationship between JDM and Impact was based on the employment, at different times, of Individual Defendants who had a contractual relationship with JDM, LLC.  The alleged harm was misappropriation of JDM trade secrets in violation of written confidentiality agreements and disclosure agreements between JDM, LLC, and Individual Defendants and in violation of statute.  Because the allegation is not simply that the misappropriation was in violation of certain statutes, but also

- 4 -

a breach of contracts claim, a duty imposed on Impact would not have existed without its relationship with the Individual Defendants and the contracts between those Individual Defendants and JDM, LLC.     In other words, the claims arise out of both statute and contract.  This leads to a conclusion that claims arose out of contract.  *Id*. 747 P. 2d at 1222.  Indeed, "the evidence offered to prove [the misappropriation in violation of statute] [] also prove[s] a breach of contract."  *Morris v. Achen Const. Co.*, 747 P.2d 1211, 1213 (Ariz. 1987).

Similarly, the tort claims against Individual Defendants were based on agreements with JDM.  Indeed, the nature of the claims and that the different claims against different Defendants are interwoven.  *See Skydive Arizona, Inc. v. Hogue*, 238 Ariz. 357, 369 (App. 2015) (Fee award is appropriate where contract and tort claims are interwoven.  "Claims are interwoven when they are based on the same set of facts and involve common allegations, which require the same factual and legal development.").

JDM argues the "claims against one party cannot, by definition, be inextricably interwoven with claims against another party."  Motion (Doc. 599, p. 10).  JDM cites to *Ramsey Air Meds, L.L.C. v. Cutter Aviation, Inc.*, 6 P.3d 315, 318 (Ariz. App. 2000), for the assertion that, "because Ramsey did not prevail on its contract claim, the 'interwoven' nature of the tort claim cannot support an award of fees."  However, the court then clarified this statement by stating, "A tort claim does not come within the attorneys' fee statute by being interwoven with an unsuccessful contract claim."  *Id*.  In other words, it was not that a party did not prevail on the contract claim, but that it was an unsuccessful contract claim. In this case, the contract claim was successfully defended against.

JDM also asserts the Court failed to consider Impact's unclean hands.  As the Court stated in its prior Order, "JDM has failed to establish by a preponderance of the evidence that Impact pursued unreasonable claims, engaged in fraudulent conduct, or conducted this litigation in an unreasonable manner."  March 21, 2021, Order (Doc. 597, p. 6).  For example, as stated by the magistrate judge and adopted by this Court, there was no evidence

1    that Fine was responsible for the destruction of JDM data.  Report and Recommendation

2    (Doc. 531, p. 8).  Moreover, it was  JDM who exhibited a history of violations in the

3    litigation and Mellberg who made an inaccurate representation.  *Id.* at 10-11, 15, 22, 28 n.

4    11.  Additionally, no evidence was presented that, "since the closing of Annuity Angel, any

5    Defendant [] used or disclosed JDM's confidential information or trade secrets. Although

6    some Defendants have worked together in digital marketing, there is no evidence that, in the

7    last five years, any Defendant competed directly against JDM unfairly or solicited an agent

8    he knew to be associated with JDM."  *Id*. at 26.  Lastly, no finding of spoliation was made

9    in this case because the requested inferences were not material.  *Id*. at 33.  The Court finds

10   there is an insufficient basis to conclude that Impact had unclean hands warranting a denial

11   of attorneys' fees.

12          Additionally, the Court disagrees with JDM's assertion that the collective nature of

13   the award of fees is inappropriate because the tort claims were not interwoven with the

14   contract claims.  As previously stated, the Court has concluded the claims were intertwined.

15   Further, Individual Defendants provided a copy of the fee agreement with Defendant Fine

16   and counsel described agreements between counsel and the other clients.  *See* LRCiv

17   54.2(d)(2).  Further, counsel averred Individual Defendants were obligated to pay some of

18   the fees. The Court has considered that the work completed by counsel was done collectively

19   for the Individual Defendants and that the adjustment made to the award of attorneys' fees

20   confirms the award was reasonable.

21          The Court confirms its prior finding that Impact and Individual Defendants are

22   entitled to an award of attorneys' fees pursuant to A.R.S. §12-341.01.  Additionally,

23   apportioning the hours on a claim-by-claim basis is not practicable because the non-contract

24   claims are so factually connected to the claims "that they require the same work that is

25   already necessary for the defense . . . of the contract claim alone." *Bennett v. Baxter Grp.,*

26   *Inc.*, 224 P.3d 230, 236 (Ariz. Ct. App. 2010); *see also Ambat v. City & Cnty. of San*

27   *Francisco*, 757 F.3d 1017, 1032 (9th Cir. 2014).  The Court finds reconsideration of this

28

1    issue is not appropriate.

2

3    B.   *Alleged Manifest Error as to the Award of Fees to Uretz and Will*

4          JDM also asserts the claims against Will and Uretz (i.e., interference with contract)

5    arose out of law, not contract.  However, in looking at "the nature of the action and the

6    surrounding circumstances[,] *Marcus v. Fox*, 723 P.2d 682, 684 (1986), it does not appear

7    the claims would have existed if the contracts had not existed.  *See Barmat*, 747 P. 2d at

8    1222.  Indeed, the claims against all Individual Defendants, including Uretz and Will, are

9    linked to the underlying contracts.  *Bar J Bar Cattle Co. v. Pace*, 763 P.2d 545, 550 (Ct. App.

10   1988).  Moreover, Count 6 of the SAC alleged Will breached duties owed to Mellberg as a

11   member or manager of Alpha Advisors Academy.  Further, the non-contract claims against

12   Will and Uretz are inextricably intertwined with the contract claims because they are based

13   on the same set of facts, involving common allegations and requiring the same factual and

14   legal arguments, and it is not practicable to apportion the hours on a claim-by-claim basis

15   because the non-contract claims are so factually connected to the contract claims.  *Bennett*,

16   224 P.3d at 236.  The Court finds reconsideration of this issue is not appropriate.

17

18   C.   *Additional Arguments by JDM*

19         JDM also argues, for example, that the Court's determination that because JDM had

20   been willing to expend significant sums to pursue the litigation, it did not appear an award

21   would be an extreme hardship to JDM and finding no chilling effect was manifest error.  The

22   Court finds the Court's conclusions were appropriate and reconsideration is not warranted.

23

24   D.   *JDM's Lanham Act Fee Request*

25         JDM argues the Court erred in its consideration of the totality of circumstances in

26   denying its request for an award of attorneys' fees.  However, the Court recognized that

27   Impact and Individual Defendants prevailed in the initial litigation.  *See Testa v. Village of*

28

1   *Mundelein, Ill.*, 89 F.3d 443, 447 (9th Cir.1996) (prevailing party "is the party who prevails

2   as to the substantial part of the litigation); *see also  Slane v. Mariah Boats, Inc.*, 164 F.3d

3   1065, 1068 (7th Cir.1999) ("[W]hen one party gets substantial relief it 'prevails' even if it

4   doesn't win on every claim.").  Further, the Court determined it could conclude the issues of

5   the countersuit were close and difficult.  Additionally, while the Court declined at that time

6   to conclude any party litigated in bad faith for the purposes of determining the prevailing

7   party, *see e.g. Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S.

8   412, 421-22 (1978) ("It is important that a district court resist the understandable temptation

9   to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately

10   prevail, his action must have been unreasonable or without foundation.  This kind of

11   hindsight bias could discourage all but the most airtight claims, for seldom can a prospective

12   plaintiff be sure of ultimate success."), the Court was aware of the conduct of the parties and

13   concluded an award was not appropriate. *See  Hashimoto v. Dalton*, 118 F.3d 671, 677 (9th

14   Cir. 1997) ("It is enough that [the party] succeeds "on any significant claim affording some

15   of the relief sought."); *Ira Green, Inc. v. Military Sales & Service Co.*, 775 F.3d 12, 29 (1st

16   Cir. 2014) ("Compared to the amount of time, effort, and resources devoted to the

17   [Plaintiffs'] claims. . . the counterclaims. . . were a sideshow.").

18          The Court finds reconsideration of this issue is not appropriate.

19          Accordingly, IT IS ORDERED:

20          1.      The Motion to File Exhibit A Under Seal (Doc. 600) is GRANTED.

21          2.      The Motion to Stay Entry of Judgment RE Attorney's Fees (Doc. 598) is

22   DENIED AS MOOT.

23          3.      The Motion for Clarification Regarding Attorneys' Fee Award Against

24   Mellberg (Doc. 599) is GRANTED IN PART.  The Court's ruling is clarified herein.

25          4.      The Court's March 24, 2021, Order is Amended as follows:

26                  a.      Individual Defendants are awarded attorneys' fees and non-taxable costs

27                          from JDM, LLC, in the amount of $ 409,179.99 and Defendant Will is

28

- 8 -

awarded attorneys' fees and non-taxable costs from Mellberg in the amount of $ 42,928.48 for a total award of $452,108.47 from JDM, LLC, and Mellberg in favor of Individual Defendants.

        b.    Impact is awarded attorneys' fees and costs from JDM, LLC, in the amount of $1,394,418.82.

    5.    The Motion for Reconsideration (Doc. 599) and the Motion to Amend the Order on Fees Pursuant to Rule 59(e) and Motion for Relief from the Order on Fees Pursuant to Rule 60(b)(6) (Doc. 605) are DENIED.

    DATED this 31st day of March, 2022.


_____
Cindy K. Jorgenson
United States District Judge